UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
RICHARD WILSON,

                                Plaintiff,

              v.                         9:08-CV-0509
                                                                   (GLS)

SGT. KING; C.O. JOHN DOE #1; C.O. JOHN DOE #2;
DR. E. WEISSMAN; DR. ELLIS; DR. MICHAEL ARONIS;
P.A. TICHENOR; NURSE TRAVERS,

                                Defendants.

APPEARANCES:

RICHARD WILSON
Plaintiff, *pro se*

GARY L. SHARPE, DISTRICT JUDGE

## MEMORANDUM-DECISION and ORDER

**I.**    **Background**

Presently before this Court is a civil rights complaint filed by Richard Wilson. Wilson has also filed an application for leave to proceed with this action *in forma pauperis.*

In his *pro se* complaint, Wilson asserts claims arising out of his confinement at Upstate Correctional Facility.[1] Wilson claims that defendants failed to protect him from a known risk of injury by his cellmate, who assaulted Wilson on May 27, 2005. Dkt. No. 1 at 3-5. Wilson further claims that he was denied medical care for the serious injuries suffered in the assault, and was later found unconscious and unresponsive in his cell. *Id.* at 7. Following surgery on his ruptured spleen, Wilson remained hospitalized for eleven days. *Id.* at 8-9. Wilson claims that defendants acted with deliberate

---

       [1] Wilson is presently incarcerated at Wyoming Correctional Facility. Dkt. No. 1 at 1.

indifference to his serious medical condition upon his return to Upstate Correctional Facility.  Also included in the complaint is a claim that defendant Michael Aronis, MD, the surgeon at Alice Hyde Medical Center, rendered substandard care and committed several errors in the course of the surgery.  *Id.*  For a complete statement of Wilson's claims, reference is made to the complaint.

## II. Discussion

### (A) *In forma pauperis* application

Based upon a review of Wilson's *in forma pauperis* application, the Court finds that he has demonstrated sufficient economic need.

### (B) The sufficiency of the complaint

Since the Court has found that Wilson meets the financial criteria for commencing this case *in forma pauperis*, the Court must consider the sufficiency of the complaint in light of 28 U.S.C. § 1915(e).  Section 1915(e) directs that when a plaintiff seeks to proceed *in forma pauperis*, the Court:

> (2)   [S]hall dismiss the case at any time if the Court determines that -
>
> \*\*\*
>
> (B) the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).  Thus, even if a plaintiff meets the financial criteria to commence an action *in forma pauperis*, it is the Court's responsibility to determine that a complaint may properly be maintained in the District before it may permit the plaintiff to proceed with his or her action *in forma pauperis*.

2

In this case, Wilson asserts several claims for the alleged violation of his constitutional rights pursuant to 42 U.S.C. § 1983.  Parties may not be held liable under this section unless it can be established that they have acted under the color of state law.  *See, e.g., Rounseville v. Zahl*, 13 F.3d 625, 628 (2d Cir. 1994); *Wise v. Battistoni*, No. 92-CV-4288, 1992 WL 380914 (S.D.N.Y. Dec. 10, 1992).  It is the duty of the plaintiff to allege state action on the part of each defendant named in a complaint, and a court may dismiss an action under 28 U.S.C. § 1915(e) against a defendant where the plaintiff fails to plead such a nexus.  *See, e.g., Carollo-Gardner v. Diners Club*, 628 F.Supp. 1253, 1256-57 (E.D.N.Y. 1986); *DeMatteis v. Eastman Kodak Co.*, 511 F.2d 306, 311 (2d Cir.), *modified on other grounds,* 520 F.2d 409 (2d Cir. 1975.).

Plaintiff has named Dr. Michael Aronis as a defendant in this action.  Dr. Aronis is identified as the surgeon who operated on plaintiff in May, 2005 at Alice Hyde Medical Center.  Plaintiff has not alleged any nexus between the State of New York and this individual, nor does it appear that Alice Hyde Medical Center is a "state actor" for purposes of § 1983.  *See Schlein v. Milford Hospital*, 561 F.2d 427 (2d Cir. 1977) (private hospital, while regulated by the state, may not be sued as a state actor under 42 U.S.C. § 1983).

Since Wilson's complaint, which is brought pursuant to 42 U.S.C. § 1983, does not allege any state action on the part of this defendant, Michael Aronis is dismissed as a defendant in this action.[2]

---

[2] To the extent Wilson seeks to assert state law medical malpractice claims against Dr. Aronis, it does appear that the Court has subject matter jurisdiction over such claims. See 28 U.S.C. § 1332(a).

3

WHEREFORE, it is hereby

ORDERED, that Wilson's *in forma pauperis* application (Dkt. No. 2) is granted. The Clerk of the Court shall provide the superintendent of the facility, designated by Wilson as his current location, with a copy of plaintiff's authorization form, and notify the official that this action has been filed and that Wilson is required to pay the entire statutory filing fee of $350.00 pursuant to 28 U.S.C. §1915, and it is further

ORDERED, that "Dr. Michael Aronis" is dismissed as a defendant in this action, and it is further

ORDERED, that the Clerk issue summonses and forward them, along with copies of the complaint, to the United States Marshal for service upon the remaining defendants.  The Clerk shall forward a copy of the summons and complaint to the Office of the New York State Attorney General, together with a copy of this Order, and it is further

ORDERED, that a response to the complaint be filed by the defendants or their counsel as provided for in the Federal Rules of Civil Procedure after service of process on the defendants, and it is further

ORDERED, that Wilson take reasonable steps to ascertain the identity of the "John Doe" defendants referred to in the complaint, and it is further

ORDERED, that the Clerk provide a copy of Wilson's authorization form to the Financial Deputy of the Clerk's Office, and it is further

ORDERED, that **any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of same was**

**served on all opposing parties or their counsel.  Any document received by the Clerk or the Court which does not include a proper certificate of service will be returned, without processing.**  Wilson must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action.  All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions. **Wilson is also required to promptly notify the Clerk's Office and all parties or their counsel of any change in his address; his failure to do so will result in the dismissal of this action**, and it is further

ORDERED, that the Clerk serve a copy of this Order on Wilson by regular mail.
IT IS SO ORDERED.


May 15, 2008

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge